

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ASSOCIATION FOR DISABLED AMERICANS, INC., DANIEL RUIZ and JORGE LUIS RODRIGUEZ, On Their Own Behalf and On Behalf of All Others Similarly Situated,<br>　　　　Plaintiffs,<br><br>V.<br><br>7-ELEVEN, INC.,<br>　　　　Defendant. | §§§§§§§§§§§ | Civil Action No. 3:01-CV-0230-H |

## STATUS REPORT FILED BY THE "P&A OBJECTORS"

1.　This Status Report is filed by the twelve state protection and advocacy agencies (hereafter "P&A Objectors") that filed objections herein, and are potential intervenors in this case.

2.　This Court's May 14, 2002 Order stated that the "Twelve State Protection and Advocacy agencies . . . will likely have grounds to intervene in this action," and directed the objectors to file any motion to intervene by June 3, 2002. Since that time, the Court has extended the time for filing a motion to intervene, pending the parties' discussions of how to proceed with the litigation, in light of the Court's Memorandum Opinion and Order of April 10, 2002, disapproving the proposed consent decree. The current date by which to seek to intervene is August 27, 2002 (pursuant to the Court's Order of July 3, 2002).

3.　For the reasons set forth below, the P&A Objectors believe that intervention at this time is not necessary to protect rights of their actual and potential clients, and might also result in an unnecessary expenditure of judicial resources:

　　a.　Counsel for plaintiffs has informed the undersigned that plaintiffs might not proceed with the above-captioned case on a classwide or national basis. Plaintiffs' counsel

has further informed the undersigned counsel that the case might be dismissed, or might be pursued by Plaintiffs only in regard to the few stores listed in the original complaint.

        b.      Even if the parties pursue this case as a nationwide class action, intervention is not necessary to preserve the right of the P&A Objectors to litigate their ongoing objections, because after this Court's original order regarding intervention, the United States Supreme Court clarified the law in holding that unnamed class members who timely object to the approval of a class action settlement are considered parties to the suit, and have the power to bring an appeal without the need to intervene. *Devlin v. Scardelletti*, ___ U.S. ___, 122 S.Ct. 2005, 153 L.Ed.2d 27 (June 10, 2002).

    4.      The P&A Objectors therefore advise the Court that at this time they do not intend to intervene in this action. Instead, the P&A Objectors give notice of their intent to file future objections in this case, should the parties refile a proposed settlement agreement that contains substantially the same sorts of problems that were present in their last proposed settlement.

    5.      The P&A Objectors further reserve the right to ask this Court to take action to preserve its jurisdiction in this matter, should the parties be engaged in inappropriate forum shopping. In support of this concern, the undersigned would point out that the Plaintiffs apparently filed a class action complaint in the U.S. District Court for the Southern District of Florida regarding disability access issues at 7-Eleven stores. According to PACER, this new case is an ADA class action entitled *Association for Disabled Americans, Inc., Daniel Ruiz & Jorge Rodriguez, on their own behalf and on behalf of all other individuals similarly situated v. 7-Eleven, Inc.*, Case No. 02-CV-21465. Moreover, this class action was filed by Plaintiffs' counsel on May 15, 2002, one day after the entry (and fax service) of this Court's Order clarifying that it had disapproved the proposed class action consent decree in the instant case.

DATED this the 27th day of August, 2002.

        Respectfully submitted,

        BRIAN EAST
        State Bar Number 06360800
        ADVOCACY, INCORPORATED
        7800 Shoal Creek Blvd., Suite 171-E
        Austin, Texas 78757-1014
        (512) 454-4816 (Phone)
        (512) 302-4936 (Fax)

        _____
        LAURANCE L. PRIDDY
        State Bar No. 16323000
        ADVOCACY, INCORPORATED
        1420 West Mockingbird Lane, Suite 450
        Dallas, Texas 75247-4973
        (214) 630-0916 (Phone)
        (214) 630-3472 (Fax)

## CERTIFICATE OF SERVICE

    I certify that on this 27th day of August, 2002, true and correct copies of this document were delivered via U.S. certified mail, return receipt requested, to attorney for Defendant David N. Kitner, Strasburger & Price, L.L.P., Suite 4300, 901 Main Street, Dallas, Texas 75202; attorney for Plaintiffs William N. Charouhis, William N. Charouhis & Associates, P.A., Alfred I. DuPont Building, 169 East Flagler Street, Suite 1200, Miami, Florida 33131; and attorneys for the Blindness Community Objectors, Linda M. Dardarian, Saperstein, Goldstein, Demchak & Baller, 300 Lakeside Dr., Ste. 1000, Oakland, CA 94612, and Elaine B. Feingold, 1524 Scenic Ave., Berkeley, CA 94708.

        _____
        Laurance L. Priddy